## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No.   22-cr-0326-CNS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    ADETOMIWA SEUN AKINDELE,
      *a/k/a Tommy Akins*,

      Defendant.

---

## INDICTMENT

---

The Grand Jury charges:

**<u>Background</u>**

    At all times relevant to this Indictment:

    1.    Victim N.M., whose identity is known to the Grand Jury, is a United States citizen residing in the United States. N.M. maintains residence in the State and District of Colorado.

    2.    Bank 1, whose identity is known to the Grand Jury, is a financial institution with branches throughout the United States, including in the State and District of Colorado. N.M. maintained accounts with Bank 1.

    3.    Defendant ADETOMIWA SEUN AKINDELE, a/k/a "Tommy Akins", is a Nigerian citizen residing in the United States. AKINDELE maintains residence in the State and District of Minnesota.

    4.    Company 1, whose identity is known to the Grand Jury, is a cryptocurrency exchange platform based in the United States that, at all times relevant to this Indictment, was headquartered in California. As described herein, N.M. opened a cryptocurrency

account at the direction of defendant ADETOMIWA SEUN AKINDELE, posing as "Francesco 'Frank' Labato."

5.    Company 2, whose identity is known to the Grand Jury,  is a cryptocurrency exchange platform based in Russia.

6.    Company 3, whose identity is known to the Grand Jury, is a cryptocurrency exchange platform based in the United States that, at all times relevant to this Indictment, was headquartered in Washington. Defendant ADETOMIWA SEUN AKINDELE maintained cryptocurrency accounts with Company 3.

7.    Company 4, whose identity is known to the Grand Jury, is a cryptocurrency exchange platform based in the United States that, at all times relevant to this Indictment, was headquartered in New York. Defendant ADETOMIWA SEUN AKINDELE maintained cryptocurrency accounts with Company 4.

8.    Bank 2, whose identity is known to the Grand Jury, is a financial institution with branches throughout the United States, including in the State and District of Minnesota. Defendant ADETOMIWA SEUN AKINDELE maintained accounts with Bank 2.

9.    Bank 3, whose identity is known to the Grand Jury, is a financial institution with branches throughout the United States, including in the State and District of Minnesota. Defendant ADETOMIWA SEUN AKINDELE maintained accounts with Bank 3.

## COUNTS 1-10
## Aiding and Abetting Wire Fraud
## 18 U.S.C. §§ 1343, 2

10.     The allegations in Paragraphs 1 through 9 are re-alleged and incorporated as if fully set forth herein.

## The Scheme to Defraud

11.     A "romance fraud scheme" is a type of scheme by which a scammer targets person(s) looking for partners or friendship on dating websites and other social media platforms. The scammer may create profiles using fictious or fake names, locations, images, and personas, allowing the scammer to cultivate relationships with prospective romance fraud scheme victims. Victims may be convinced to provide money or gifts to the scammer, or may be asked to conduct financial transactions on behalf of the scammer.

12.     Beginning in or around January 2018, and continuing until at least in or around October 2018, within the State and District of Colorado and elsewhere, defendant ADETOMIWA SEUN AKINDELE devised and intended to devise, and aided and abetted another to devise and intent to devise, a scheme to obtain money from N.M., by means of materially false and fraudulent pretenses, representations, and promises (hereafter referred to as the "Scheme"). It was part of the Scheme that:

13.     In or around January 2018, N.M. met an individual representing himself as "Francesco 'Frank' Labato" (hereafter, "Frank Labato") on a dating website.

14.     "Frank Labato" was a fictious persona created by defendant ADETOMIWA SEUN AKINDELE to cultivate false romantic relationships with prospective romance fraud scheme victims. The online dating profile for "Frank Labato" contained fake names, locations, images, and photos.

15.     "Frank Labato" used various technological means, including the establishment of email addresses and a telephone number using fictitious information, that were designed to conceal his true identity.

16.     In or around February 2018, "Frank Labato" began emailing N.M. at N.M.'s personal email address.

17.     In or around March 2018, "Frank Labato" began exchanging phone calls and text messages with N.M. on N.M.'s personal telephone number.

18.     The purpose of these communications was to build a "romantic" rapport with N.M. and to perpetrate a scheme to induce N.M. to send "Frank Labato" money.

19.     During these communications, "Frank Labato" provided N.M. with additional false details about his personal and work background, images, and photos, to substantiate his fictitious persona.

20.     In or around March 2018, "Frank Labato" represented to N.M. that he had encountered a financial crisis related to his purported work abroad for which he claimed to need money, funds, and assistance from N.M.

21.     "Frank Labato" fraudulently represented to N.M. that he would repay N.M. for the requested "loans" to his business.

22.     Over the course of the scheme, and in furtherance of those false representations, "Frank Labato" executed three fraudulent "promissory notes" to reassure N.M. that s/he would be repaid.

23.     "Frank Labato" directed N.M. to execute electronic fund and wire transfers to provide him with money.

24.     In or around March 2018, "Frank Labato" directed N.M. to open a cryptocurrency exchange account with Company 1 for the purpose of facilitating transfers of money to him while he was supposedly working abroad.

25.     N.M. provided "Frank Labato" with access to N.M.'s cryptocurrency exchange account with Company 1 so that he could transfer funds and cryptocurrency from N.M.'s account into accounts controlled by himself.

26.     In or around April 2018, "Frank Labato" falsely represented to N.M. that he suffered a medical emergency while working abroad.

27.     "Frank Labato" used an additional fictitious persona, "Sofia Romano," a supposed cousin, to email with N.M. and substantiate this story.

28.     In or around June 2018, "Frank Labato" introduced N.M. to his purported attorney, "Lorenzo Moretti," who "Frank Labato" falsely represented as a person authorized to handle his business dealings while he was recovering.

29.     "Lorenzo Moretti" also used various technological means, including the establishment of an email using fictitious information, that was designed to conceal his true identity.

30.     From in or around June 2018, through in or around October 2018, N.M. continued to communicate with "Frank Labato" and "Lorenzo Moretti" regarding additional funds requested in support of "Frank Labato's" supposed business dealings.

31.     Beginning in or around March 2018, and continuing until at least in or around October 2018, "Frank Labato" and "Lorenzo Moretti" directed N.M. to execute electronic fund and wire transfers from N.M.'s bank account with Bank 1 into N.M.'s cryptocurrency account with Company 1, ostensibly in support of "Frank Labato's" work, which N.M. did so execute.

32.     Defendant ADETOMIWA SEUN AKINDELE purchased cryptocurrency with the money transferred into N.M.'s cryptocurrency account with Company 1 and transferred the cryptocurrency into cryptocurrency accounts with Companies 2, 3, and 4.

33.     Defendant ADETOMIWA SEUN AKINDELE converted the fraudulently obtained proceeds of the romance fraud scheme perpetrated against N.M. by "Frank Labato" and "Lorenzo Moretti" to his personal use.

34.     From at least March 2018 to at least October 2018, defendant ADETOMIWA SEUN AKINDELE obtained more than $1,000,000 from N.M. as a result of the Scheme

**Execution of the Scheme**

35.     For purposes of executing the Scheme described in paragraphs 11 through 34, Defendant ADETOMIWA SEUN AKINDELE, posing as "Frank Labato," made numerous false statements to N.M. to induce N.M. to send him money, to include fraudulent declarations of love and affection; false statements regarding his identity and the identities of his associates; false statements regarding his personal background and wealth,  false statements regarding his employment; false statements that he would repay N.M. the money sent to him, and three fraudulent promissory notes.

36.     For purposes of executing the Scheme described in paragraphs 11 through 34, in the State and District of Colorado and elsewhere, on or about the dates listed below, defendant ADETOMIWA SEUN AKINDELE transmitted and caused, and aided and abetted another to transmit and cause, by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures, and sounds, to wit, electronic wire payments, as set forth below:

| Count | Date | Description of Wire |
|:-----:|:----:|---------------------|
| 1 | 03.27.2018 | Wire transfer in the amount of $250,000.00 from Victim N.M.'s account with Bank 1 to Victim N.M.'s cryptocurrency account with Company 1 |
| 2 | 03.30.2018 | Wire transfer in the amount of $100,000.00 from Victim N.M.'s account with Bank 1 to Victim N.M.'s cryptocurrency account with Company 1 |
| 3 | 04.02.2018 | Wire transfer in the amount of $400,000.00 from Victim N.M.'s account with Bank 1 to Victim N.M.'s cryptocurrency account with Company 1 |
| 4 | 05.15.2018 | Wire transfer in the amount of $50,000.00 from Victim N.M.'s account with Bank 1 to Victim N.M.'s cryptocurrency account with Company 1 |
| 5 | 05.21.2018 | Wire transfer in the amount of $25,000.00 from Victim N.M.'s account with Bank 1 to Victim N.M.'s cryptocurrency account with Company 1 |
| 6 | 07.06.2018 | Wire transfer in the amount of $100,000.00 from Victim N.M.'s account with Bank 1 to Victim N.M.'s cryptocurrency account with Company 1 |
| 7 | 07.13.2018 | Wire transfer in the amount of $100,000.00 from Victim N.M.'s account with Bank 1 to Victim N.M.'s cryptocurrency account with Company 1 |
| 8 | 07.13.2018 | Wire transfer in the amount of $22,000.00 from Victim N.M.'s account with Bank 1 to Victim N.M.'s cryptocurrency account with Company 1 |
| 9 | 08.16.2018 | Wire transfer in the amount of $42,000.00 from Victim N.M.'s account with Bank 1 to Victim N.M.'s cryptocurrency account with Company 1 |
| 10 | 10.01.2018 | Wire transfer in the amount of $50,000.00 from Victim N.M.'s account with Bank 1 to Victim N.M.'s cryptocurrency account with Company 1 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNTS 11-19**
**Money Laundering**
**18 U.S.C. § 1956(a)(1)(B)(i)**

37.     The allegations in Paragraphs 1 through 34 are re-alleged and incorporated as if fully set forth herein.

38.     On or about the dates set forth below, defendant ADETOMIWA SEUN AKINDELE, in the State and District of Colorado and elsewhere, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, which transaction involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and also knowing, while conducting and attempting to conduct such financial transaction, that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

39.     Specifically, as part of the scheme alleged above, and to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, defendant ADETOMIWA SEUN AKINDELE converted the funds deposited into N.M.'s cryptocurrency account with Company 1 into various forms of cryptocurrency.

40.     As part of the scheme alleged above, and to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, defendant ADETOMIWA SEUN AKINDELE transferred the cryptocurrency from N.M.'s cryptocurrency account with Company 1 to cryptocurrency accounts with Companies 2, 3, and 4.

41.     As part of the scheme alleged above, and to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, defendant ADETOMIWA SEUN AKINDELE transferred cryptocurrency held in accounts with Companies 2, 3, and 4 into fiat currency, which was deposited into bank accounts with Banks 2 and 3 that were controlled by defendant ADETOMIWA SEUN AKINDELE, on or about the dates set forth and described below:

| Count | Date | Description of Transaction |
|-------|------|----------------------------|
| 11 | 04.02.2018 | Deposit in the amount of $32,187.26 into defendant ADETOMIWA SEUN AKINDELE's bank account with Bank 1 |
| 12 | 04.03.2018 | Deposit in the amount of $25,510.42 into defendant ADETOMIWA SEUN AKINDELE's bank account with Bank 1 |
| 13 | 04.04.2018 | Deposit in the amount of $35,171.32 into defendant ADETOMIWA SEUN AKINDELE's bank account with Bank 2 |
| 14 | 05.22.2018 | Deposit in the amount of $6,782.00 into defendant ADETOMIWA SEUN AKINDELE's bank account with Bank 2 |
| 15 | 07.09.2018 | Deposit in the amount of $96,647.58 into defendant ADETOMIWA SEUN AKINDELE's bank account with Bank 1 |
| 16 | 07.16.2018 | Deposit in the amount of $50,676.55 into defendant ADETOMIWA SEUN AKINDELE's bank account with Bank 2 |
| 17 | 08.27.2018 | Deposit in the amount of $11,589.78 into defendant ADETOMIWA SEUN AKINDELE's bank account with Bank 1 |
| 18 | 08.28.2018 | Deposit in the amount of $15,074.16 into defendant ADETOMIWA SEUN AKINDELE's bank account with Bank 1 |
| 19 | 10.01.2018 | Deposit in the amount of $32,423.37 into defendant ADETOMIWA SEUN AKINDELE's bank account with Bank 1 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

**COUNTS 20-21**
**Money Laundering**
**18 U.S.C. § 1957**

42.     The allegations in Paragraphs 1 through 34 are re-alleged and incorporated as if fully set forth herein.

43.     On or about the dates set forth below, in the State and District of Colorado, and elsewhere, ADETOMIWA SEUN AKINDELE, did knowingly engage and attempt to engage in a monetary transaction, as defined in Title 18, United States Code, Section 1957(f)(1), in criminally derived property of a value greater than $10,000.00, which was derived from a specified unlawful activity, that is, wire fraud, a violation of Title 18, United States Code, Section 1343, as described below:

| Count | Date | Description of Transaction |
|-------|------|----------------------------|
| 20 | 05.14.2018 | Issuance of check No. 0109 in the amount of $30,000.00 from defendant ADETOMIWA SEUN AKINDELE's bank account with Bank 1 to "Pulte Homes of Minnesota" |
| 21 | 07.07.2018 | Issuance of check No. 0110 in the amount of $100,000.00 from defendant ADETOMIWA SEUN AKINDELE's bank account with Bank 1 to "Pulte Homes of Minnesota, LLC" |

All in violation of Title 18, United States Code, Section 1957.

**FORFEITURE**

44.     The allegations contained in Counts 1 through 43 of this Indictment hereby are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and Title 28, United States Code, Section 2461(c).

45.     Upon conviction of one or more of the violations alleged in Counts 1 through 10 of this Indictment involving the commission of violations of Title 18, United States Code, Section 1343, defendant ADETOMIWA SEUN AKINDELE shall forfeit to the United

States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all rights, title, and interest in all property constituting and derived from any proceeds obtained directly and indirectly as a result of such offense or offenses, including, but not limited to: (1) 5073 Sandpebble Lane, Woodbury, Minnesota 55129 ; and (2) a money judgment in the amount of the proceeds obtained by the defendant's scheme and by the defendant.

46.	Upon conviction of one or more of the violations alleged in Counts 11 through 21 of this Indictment involving the commission of violations of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957, defendant ADETOMIWA SEUN AKINDELE shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all rights, title, and interest in all property involved in such offense or offenses, or property traceable to such property, including, but not limited to: (1) 5073 Sandpebble Lane, Woodbury, Minnesota 55129; and (2) a money judgment in the amount of the proceeds obtained by the defendant's scheme and by the defendant.

47.	If any of the property described above, as a result of any act or omission of ADETOMIWA SEUN AKINDELE, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been substantially diminished in value; or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of ADETOMIWA SEUN AKINDELE up to the value of the forfeitable property described above.

A TRUE BILL:


Ink signature on file in Clerk's Office
Foreperson


COLE FINEGAN
UNITED STATES ATTORNEY


*s/Sarah H. Weiss*
SARAH H. WEISS
Assistant U.S. Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO  80202
(303) 454-0100
sarah.weiss@usdoj.gov
Attorney for the Government