IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Criminal Case No. 22-cr-00326-CNS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ADETOMIWA SEUN AKINDELE,

    Defendant.

## ORDER

This order addressed four motions filed by Defendant Adetomiwa Seun Akindele: (1) Motion for Early Disclosure of Witness Statements, ECF No. 65; (2) Request for Notice of 404(b) Evidence and *Res Gestae* Evidence, ECF No. 66; (3) Motion for Expert Disclosures, ECF No. 67; and (4) Joint Motion for an Ends of Justice Continuance and to Exclude 90 Days from Speedy Trial Act, ECF No. 75. The Court addresses each in turn.

### I. BACKGROUND

Mr. Akindele was charged by indictment on November 1, 2022, with various money laundering, wire fraud, and for use of a fictious name or address in violation of 18 U.S.C. § 1342. *See* ECF No. 1 (indictment). Under the current schedule, a four-day jury trial is set to commence on November 12, 2024. ECF No. 59.

1

## II. MOTION FOR EARLY DISCLOSURE OF WITNESS STATEMENTS (ECF NO. 65)

Mr. Akindele requests an order requiring the government to produce "all statements and reports within the meaning of th[e] Jencks Act, 18 U.S.C. § 3500, and F[ed]. R. Crim. P. 26.2." ECF No. 65 at 1. He also requests an order requiring the government to produce "the notes and memorandum made by Government counsel and agents during the interview of the witnesses against the defendant" and "transcripts of any tapes or electronic surveillance played to the grand jury which the Government intends to play in its case-in-chief." *Id.*, ¶ 4. Mr. Akindele does not ask the Court to order disclosure by a certain date—only that the disclosure be made "forthwith." *Id.* at 1, 3. The government opposes Mr. Akindele's motion, arguing that he fails to adequately justify the need for early disclosure, and that his request is premature. ECF No. 70 at 3.

"There is no general constitutional right to discovery in a criminal case." *United States v. Bullcoming*, 22 F.4th 883, 889 (10th Cir. 2022) (quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)). Nor is there a requirement that "the prosecution make a complete accounting to the defense of all evidence in its possession." *United States v. Wright,* No. 11-CR-00497-REB, 2012 WL 4049826, at *1 (D. Colo. Sept. 13, 2012) (quoting *United States v. Baxter*, 492 F.2d 150, 173 (9th Cir. 1973), *cert. denied*, 94 S. Ct. 1945 (1974)). Instead, as Judge Blackburn comprehensively explains in *United States v. Wright*, discovery in a criminal case is governed by Federal Rules of Criminal Procedure 6, 12, 16, and 26.2; the Jencks Act, 18 U.S.C. § 3500; and the holdings of *Brady*, *Giglio*, *Bagley*, *Roviaro*, and their progeny. *See* 2012 WL 4049826, at *1–2.

The government states that it will uphold its responsibility to produce evidence as required by law and will preserve and produce such evidence accordingly. ECF No. 70 at 2. At this stage in the prosecution, the Court finds Mr. Akindele's request for early disclosure of witness statements to be premature. First, Mr. Akindele has requested to reset his trial for the spring of 2025. ECF No. 75. Thus, forthwith disclosure is not warranted at this time. Second, the government states that it has not yet determined which witnesses will testify at trial. The Court therefore denies this motion without prejudice. At the trial preparation conference, Mr. Akindele may raise the issue again should he feel that the government has failed to comply with its discovery obligations.

### III. REQUEST FOR NOTICE OF 404(b) EVIDENCE AND *RES GESTAE* EVIDENCE (ECF NO. 66)

Mr. Akindele asks the Court to order the government to provide early notice of any evidence that it intends to introduce pursuant to Federal Rule of Evidence 404(b) or as *res gestae* to the charged offenses. ECF No. 66 at 1–2. He provides no specific reason for his motion, except that,

> [b]ased upon the discovery provided to date, *the Government may have records and statements* that implicate allegations of other crimes, wrongs, or bad acts that are not related to the counts charged in the Indictment. Without early disclosure of any evidence the Government actually intends to use in this case (whether in its case-in-chief, for impeachment, or for possible rebuttal), Mr. Akindele cannot adequately prepare for trial.

ECF No. 66 at 1 (emphasis added). Mr. Akindele requests this notice "within 10 days from this Court's Order, and no later than 60 days prior to trial." *Id.* The government objects, explaining that Rule 404(b) only requires "reasonable notice," and that it will provide such

3

evidence no less than 21 days before trial as agreed upon in the parties' Joint Discovery Conference Memorandum. ECF No. 70 at 4.

In criminal cases, Federal Rule of Evidence 404(b) requires prosecutors to "provide reasonable notice of any [404(b)] evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it," to "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence," and to "do so in writing before trial." Fed. R. Evid. 404(b)(3)(A)–(C). The parties appear to have agreed that 21 days before trial is reasonable notice under the circumstances of this case. *See* ECF No. 26 (Joint Discovery Conference Memorandum and Order) at 4 (the parties agreeing that the government will provide written notice to Defendant of any Rule 404(b) evidence "no later than 21 days before trial").

Because the government has reiterated that it will abide by the timeline contemplated in the Joint Discovery Conference Memorandum, and because Mr. Akindele did not provide any cause as to why this case should proceed on a different timeline, the Court denies Mr. Akindele's request for early notice of 404(b) evidence. ECF No. 66.

### IV.    MOTION FOR EXPERT DISCLOSURE (ECF NO. 67)

Mr. Akindele requests disclosure of all expert witnesses from whom the government intends to elicit expert testimony, together with the requisite statements of their opinions and expected testimony, qualifications, and a list of cases in which the experts have previously testified. ECF No. 67 at 1, 3. He seeks these disclosures no later than 60 days before trial. *Id.* at 2. The government opposes, again pointing to the Joint

4

Discovery Conference Memorandum, where the government acknowledged its obligations under Federal Rule of Criminal Procedure 16(a)(1)(G). ECF No. 70 at 5.

Federal Rule of Criminal Procedure 16(a)(1)(G)(i) provides that, at a defendant's request, "the government must disclose to the defendant, in writing, the information required by (iii) for any testimony that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief." The rule does not prescribe a time but provides that the "court, by order or local rule, must set a time for the government to make its disclosures. The time must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." Fed. R. Crim. P. 16(a)(1)(G)(ii).

The government does not object to Mr. Akindele's request to provide notice of its experts in advance of trial. ECF No. 70 at 5. Indeed, Rule 16(a)(1)(G) requires as much. However, the government states that the 60-day timeline is impractical for two reasons. First, one of the government's experts is on hold because of the government's current budgetary constraints. *Id.* The government does not explain what types of opinions it intends to elicit from this expert witness. Second, the second witness is expected to offer testimony concerning various cryptocurrency transactions germane to the government's investigation. *Id.* That expert, however, has left government service, so the government is in the process of retaining a new witness. *Id.*

With these practical constraints in mind, the Court will grant in part and deny in part Mr. Akindele's motion for expert disclosure. The Court finds that the requested

5

disclosures are more appropriate no later than 30 days in advance of trial—as opposed to the 60 days requested by Mr. Akindele.

### V. JOINT MOTION FOR AN ENDS OF JUSTICE CONTINUANCE AND TO EXCLUDE 90 DAYS FROM SPEEDY TRIAL ACT (ECF NO. 75)

The parties jointly request a 90-day continuance of the deadlines as set forth in the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, and for a continuance all current deadlines, trial preparation conference, and trial date. ECF No. 75. For the following reasons, the motion is GRANTED.

The Speedy Trial Act of 1974 is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act requires that a defendant's trial commence within 70 days after the defendant's indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)–(8).

The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

6

For a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. The Court will consider the following factors listed in § 3161(h)(7)(B):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court will then set forth "its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; 18 U.S.C. § 3161(h)(7)(A).

7

The joint motion describes the various factors that purportedly necessitate the exclusion of 90 days from the Speedy Trial calculation, and the Court adopts and incorporates those facts here. *See* ECF No. 75, ¶¶ 6, 10–12, 15. The parties state that, to date, defense counsel has received the discovery which contains tens of thousands of pages of investigation reports, financial records, approximately 8,500 emails, up to 12 gigabytes of mobile phone data, and multiple witness interviews and related documentation, totaling approximately 285 gigabytes of data. *Id.*, ¶ 6. Counsel states that this data involves potentially dozens of witnesses, many of whom reside outside of Colorado and includes numerous financial entities. *Id.*, ¶ 10. Defense counsel argues that he needs time to review discovery, investigate the financial data from the entities, and conduct investigation regarding the key witnesses. *Id.*

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time allowed under 18 U.S.C. § 3161(c). The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)–(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court finds that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(b)(i);

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a Speedy Trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

With respect the Ends of Justice Continuance, IT IS ORDERED that:

(1) The Joint Motion for an Ends of Justice Continuance and to Exclude 90 Days from Speedy Trial Act, ECF No. 75, is GRANTED;

(2) The new Speedy Trial date, which includes all tolled time, is March 22, 2025[1];

(3) The current trial and trial preparation conference are VACATED[2]. An eight-day trial is set to commence on February 24, 2025, and the trial preparation conference is scheduled for February 7, 2025, at 1:30 p.m.

\* \* \*

## VI.   CONCLUSION

Consistent with the above analysis, the Court ORDERS the following:

(1) Motion for Early Disclosure of Witness Statements, ECF No. 65, is DENIED;

(2) Request for Notice of 404(b) Evidence and Res Gestae Evidence, ECF No. 66, is DENIED;

(3) Motion for Expert Disclosures, ECF No. 67, is GRANTED in part and DENIED in part; and

(4) Joint Motion for an Ends of Justice Continuance and to Exclude 90 Days from Speedy Trial Act, ECF No. 75, is GRANTED.

---

[1] Should either party disagree with the calculation of the new Speedy Trial date, counsel for Defendant shall send a joint email to Chambers no later than 10 days from the issuance of this order with the date the parties believe is the new Speedy Trial date.
[2] The pretrial motions deadline passed on July 26, 2024. ECF No. 59. And the Court previously vacated the motions hearing, which was set for September 9, 2024. ECF No. 74.

DATED this 6th day of September 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

10